■ In the Matter of TRANSIT AUTO TOWING, INC., Respondent, v CITY OF YONKERS et al., Appellants. [616 NYS2d 522] —In a proceeding pursuant to CPLR article 78 to review a determination of the City of Yonkers, dated September 8, 1992, which terminated the petitioner's designation as a motor vehicle impound provider for the City of Yonkers, the appeal is from an order of the Supreme Court, Westchester County (Lange, J.), entered December 18, 1992, which granted the petition, annulled the determination, and remitted the matter to the City of Yonkers for reconsideration of the petitioner's application for a two-year term as an impound provider.

Ordered that, on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the proceeding is dismissed on the merits, and the determination is confirmed.

The petitioner was a designated towing and impounding provider for the City of Yonkers (hereinafter the City) for 21 years. After an audit of its existing providers, the City sought bids for towing and impounding services. Although the petitioner submitted a bid, it was rejected, and, by a letter dated September 8, 1992, the petitioner's designation as a motor vehicle impounder provider was terminated.

The determination to reject the petitioner's bid for designation as an impounder of vehicles for the City of Yonkers was not arbitrary and capricious and, thus, should not have been annulled by the Supreme Court (see, CPLR 7803 [3]). The petitioner did not submit any records in response to the audit by the City. Furthermore, the petitioner stated in its bid that the fee required by the City for each vehicle that the petitioner towed would create a hardship, yet it submitted an alternate bid, which included the required fee. These reasons were sufficient to doubt the wisdom of designating the petitioner as an impound provider. Since there was a rational basis for the determination to reject the petitioner's bid, the Supreme Court should not have set aside that determination (see, Abco Bus Co. v Macchiarola, 52 NY2d 938, cert denied 454 US 822).

The petitioner's contention that the Code of the City of Yonkers requires that the City designate three impound providers is irrelevant since the City had grounds to reject the petitioner's bid that were not arbitrary and capricious. Mangano, P. J., Altman, Hart and Florio, JJ., concur.